*Electronically filed*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHRYSANTHIA BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 22 CV 3460 |
| ) | |
| THE MCQUADE FINANCIAL GROUP LLC,) | |
| d/b/a ) NORTHWESTERN MUTUAL ) | |
| CHICAGO, ) | |
| ) | JURY TRIAL |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff, **KHRYSANTHIA BANKS** ("**BANKS**"), by and through her attorney, Michael T. Smith, and in complaining of Defendant **THE MCQUADE FINANCIAL GROUP LLC., d/b/a, NORTHWESTERN MUTUAL CHICAGO ("MFG")** and in support thereof states as follows:

**COUNT I**
**SEXUAL DISCRIMINATION BASED UPON PREGNANCY**

**NATURE OF ACTION**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Civil Rights Act of 1990, 42 U.S.C.A. §§ 2000 (e) et seq, for the MFG having subjected BANKS to a discriminating work environment due her sex (female) and her pregnancy.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964

1

("Title VII"), 42 U.S.C.A. §§ 2000 (e) et seq. and the Pregnancy Discrimination Act of 1978

3. The employment practices hereafter alleged to be unlawful were being committed in Northern District of Illinois.

4. BANKS is an adult person and a resident of Chicago, Cook County, State of Illinois.

5. BANKS was hired as an employee of MFG in October of 2020, and then wrongfully terminated by MFG on January 14, 2021

6. At all times relevant, MFG is a Domestic corporation organized under the laws of Illinois and currently is doing business in Illinois located in Chicago, Illinois, and has continuously had and now have more than fifteen (15) employees.

7. At all times relevant herein, MFG has been an employer as defined by the 42 U.S.C.A §2000 et seq, in that Defendant is engaged in an industry affecting commerce and has had 15 or more employees.

8. Except where otherwise specifically alleged, BANKS was subjected to ongoing discrimination while employed at MFG.

**STATEMENT OF FACTS**

9. On October 22, 2020, BANKS informed her employer that she was pregnant and would be taking a maternity leave at some point and needed additional time to complete a licensing examination and to work from home as a medical accommodation due to her pregnancy.

10. After BANKS reported her pregnancy to her employer, she was treated differently by being held to a higher standard of performance than non-pregnant employees who did not engage in protected conduct as set forth herein and then subject to a retaliatory

2

termination on January 14, 2021.

11. By the conduct described above, MFG acting through its agents during the course of and within the scope of their employment, intentionally retaliated and discriminated against BANKS on the basis of her sex and pregnancy, in violation of the PDA and Title VII of the Civil Rights Act of 1964, as amended.

12. As a result of the unlawful acts complained of herein, BANKS has suffered the loss of wages and benefits, humiliation, pain and suffering, future pecuniary losses, inconvenience, and loss of enjoyment of life. As a result of employees of MFG, conduct of sexual harassment, BANKS suffered a nervous condition.

13. BANKS filed a discrimination charge against MFG with the Illinois Department of Human Rights ("IDHR") and cross-filed with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed under 42 U.S.C.A. 2000(e).

14. Thereafter the IDHR issued a "right to sue" letter to BANKS and this current action has been timely commenced (See Exhibit "A").

## AS AND FOR A SECOND CAUSE OF ACTION
(**TITLE VII RACE DISCRIMINATION**)

15. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seq*., for MFG having subjected BANKS to race (Black) & national origin (Vietnamese) discrimination by failure to treat her the same as employees not in her protected class despite BANKS's complaints about same.

## STATEMENT OF CLAIMS

3

17. Beginning in November 11, 2019 through January 14, 2021, immediate supervisors harassed and deliberately accused BANKS of alleged poor performance however, they treated other employees not in her protected class to less scrutiny and better terms and conditions of employment, than they did with BANKS. Further, BANKS's supervisor knowingly treated BANKS differently than those other employees whose performance which was the same as, or less than that of BANKS.

18. MFG intentionally subjected BANKS to unequal and discriminatory treatment by discriminating and harassing BANKS based on her race and national origin and holding her to a higher standard of performance than other employees not in her protected class.

19. By engaging in discriminatory conduct, MFG discriminated against BANKS in violation of 42 U.S.C. 2000(e) as amended.

20. The discriminatory action of MFG as set forth above has caused BANKS to suffer losses of earnings, and as a further proximate result of MFG's unlawful and intentional discriminatory actions against BANKS, as alleged above, BANKS has been harmed in that BANKS has suffered in her position, her work environment became impaired and also her work performance causing her termination.

21. As a further proximate result of MFG'S unlawful and intentional discriminatory actions against BANKS, as alleged above, BANKS has been harmed in that BANKS has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

22. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter</u> <u>alia</u> the Civil Rights Act of 1991. 23. As a

result of such discrimination and consequent harm, BANKS has suffered such damages in an amount according to proof.

23. Further, said action on the part of the MFG was done with malice and reckless disregard for BANKS'S protected rights.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Title VII-RETALIATION)**

24. BANKS realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. Defendant's agents have intentionally retaliated against BANKS, based upon filing her prior complaints against her immediate supervisors and how they mistreated her based on her pregnancy, race and harassment. Thereafter, Defendant's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating her differently than other employees all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

26. By reason of this retaliation by Defendant's, BANKS has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

27. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

   1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

 2. For injunctive relief, including but not limited to relief required to make Plaintiff whole by reinstatement and injunctive relief so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

 3. For actual damages from wrongful discipline and compensatory damages of $300,000.00 for each count set forth above;

 4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

 5. For such other and further relief as the court deems proper.

KHRYSANTHIA BANKS<br>
BY:/s/ Michael T. Smith<br>
Michael T. Smith<br>
Attorney for Plaintiff

Michael T. Smith 6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099